UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

FILED
JAN 2 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| WILLIAM CURTIS,<br><br>   Plaintiff,<br><br> v.<br><br>CORRECTIONAL MEDICAL SERVICES, *et al.*,<br><br>   Defendants. | Civil Action No. 04-3409<br>(United States District Court<br>for the District of New Jersey)<br><br>CASE NUMBER 1:07MS00036<br>JUDGE: Paul L. Friedman<br>DECK TYPE: Miscellanous<br>DATE STAMP: 01/25/2007 |

### DEVON BROWN'S MOTION TO QUASH SUBPOENA

Pursuant to Fed.R.Civ.P. 45(c), Devon Brown, by undersigned counsel, Stuart Rabner, Attorney General of New Jersey, and Sarah B. Campbell, Deputy Attorney General, Linda Singer, Acting Attorney General for the District of Columbia, and Carol E. Burroughs, Assistant Attorney General for the District of Columbia, herein move the Court to quash the subpoena ad testificandum issued by plaintiff to compel the testimony of Devon Brown, former Commissioner of the New Jersey Department of Corrections.

Devon Brown will rely on the accompanying Memorandum of Points and Authorities with attached exhibits being file simultaneously with this Motion.

It is respectfully requested that the Court rule upon the papers submitted, without requiring

- 1 -

the appearance of counsel, pursuant to Fed..R.Civ. P. 78.

A proposed order is attached hereto.

>Respectfully submitted,
>
>STUART RABNER
>ATTORNEY GENERAL OF NEW JERSEY
>
>By:/s/Sarah B. Campbell
>　　SARAH B. CAMPBELL
>　　Deputy Attorney General.
>　　R.J. Hughes Justice Complex
>　　25 Market Street
>　　P.O. Box 112
>　　Trenton, NJ  08625
>　　Telephone: (609) 292-8230
>
>LINDA SINGER
>Acting Attorney General for the
>District of Columbia
>
>DAVID RUBENSTEIN
>Deputy Attorney General
>Public Safety Division
>
>MARIA C. AMATO
>Assistant Attorney General for the
>District of Columbia
>
>_/s/ Carol E. Burroughs_
>CAROL E. BURROUGHS [415432]
>Assistant Attorney General for the
>District of Columbia
>Office of the General Counsel
>D.C. Department of Corrections
>1923 Vermont Avenue, N.W.
>Washington, DC  20001
>Telephone: 202-671-0088
>Fax: 202-671-2514

DATE: January 25, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| WILLIAM CURTIS, ) | Civil Action No. 04-3409 |
| ) Plaintiff, ) | (United States District Court for the District of New Jersey) |
| v. ) | |
| CORRECTIONAL MEDICAL SERVICES, ) *et al.*, ) | Misc. Case    (    ) |
| ) Defendants. ) | |

CERTIFICATE OF SERVICE

I hereby certify that the attached Motion to Quash the Subpoena Ad Testificandum will be filed with the Clerk of the United States District Court for the District of Columbia on behalf of Devon Brown and that a copy of these documents have been served by facsimile and regular mail to the following:

Daniel S. Weinstock, Esquire
Feldman, Shepherd, Wohlgelernter, Tanner, Weinstock
25th Floor, 1645 Walnut Street
Philadelphia, Pennsylvania  19103

Rosemary Pinto, Esquire
Feldman & Pinto
1604 Locust Street, 2R
Philadelphia, Pennsylvania  19103

Gary J. Lesneski, Esquire
Kerri E. Chewning, Esquire
Archer & Greiner, P.C.
One Centennial Square
Haddonfield, New Jersey  08033

*Carol E. Burroughs*
Carol E. Burroughs
Assistant Attorney General for the
District of Columbia

Dated: January 25, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| WILLIAM CURTIS,<br><br>        Plaintiff,<br><br>v.<br><br>CORRECTIONAL MEDICAL SERVICES, et al.,<br><br>        Defendants. | Civil Action No. 04-3409<br>(United States District Court<br>for the District of New Jersey)<br><br>Misc. Case    ( ) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEVON BROWN'S MOTION TO QUASH SUBPOENA

Stuart Rabner, Attorney General for the State of New Jersey, by Sarah B. Campbell, Deputy Attorney General, and Carol E. Burroughs, Assistant Attorney General for the District of Columbia, appearing on behalf of Devon Brown, former Commission of the New Jersey Department of Corrections, respectfully submits this statement of points and authorities in support of a motion to quash subpoena because the subpoena ad testificandum commanding the deposition testimony of Director Brown was not properly served and plaintiff failed to allow reasonable time for compliance.

### STATEMENT OF FACTS

Plaintiff, William Curtis, is an inmate within the custody of the New Jersey Department of Corrections (hereinafter "NJDOC"). Plaintiff sued Correctional Medical Services, Inc.

(hereinafter "CMS"), and several CMS employees in the United States District Court for the District of New Jersey for medical deliberate indifference. CMS is the medical provider to inmates within NJDOC facilities pursuant to a contract between the State of New Jersey and CMS.

The NJDOC is not a named defendant in the case and the litigation does not raise any issue of NJDOC policy. The only issue presented is the appropriateness of the medical care plaintiff was provided by CMS employees for hepatitis C during his incarceration. Devon Brown is not a doctor and was not involved in the medical care provided to the plaintiff.

Devon Brown is the Director of the Washington, D.C. Department of Corrections. On January 22, 2007, the Office of the Director received a subpoena by mail issued by this Court, by counsel for the plaintiff. The subpoena commands the appearance of Director Brown for deposition on January 25, 2007, at 10:00am at 1923 Vermont Avenue, NW, Room 203, Washington, D.C.(See Attached Exhibit A). Enclosed in the mailing was a witness fee check in the amount of $50.00.

On January 23, 2007, Director Devon Brown requested representation from this office with respect to this matter. This motion to quash the subpoena follows.

## ARGUMENT

A court must, on timely motion, quash or modify a subpoena if the subpoena (1) does not allow reasonable time for compliance, (2) requires a nonparty to travel more than 100 miles from the place where the person lives, works or regularly transacts business, (3) requires disclosure of privileged or protected material and not exception or waiver applies, or (4) subjects a person to undue burden. Fed.R.Civ.P. 45(c)(3)(A). Devon Brown files this motion before the time for

compliance. See Fed.R.Civ.P. 45(c)(3)(A); <u>Winchester Capital Mgmt. Co. v. Manufacturers Hanover Trust Co.</u>, 144 F.R.D. 170, 175-76 (D.Mass. 1992). The subpoena commands Devon Brown's deposition testimony on January 25, 2007. This motion is filed on January 24, 2007, one day before the scheduled deposition, but also, only one day after notice of the subpoena was provided the New Jersey Office of the Attorney General. Therefore, this motion is timely filed in accordance with Fed.R.Civ.P. 45.

The court must quash William Curtis' subpoena because proper service was not effected on Devon Brown. A subpoena for the deposition of a nonparty witness must be personally served upon the witness. Fed.R.Civ.P. 45(b)(1); <u>See also Alexander v. FBI</u>, 186 <u>F.R.D.</u> 128, 130 (D.D.C. 1998), citing <u>FTC v. Compagnie de Saint-Gobain-Pont-A-Mousson</u>, 636 F.2d 1300, 1312 (D.C. Cir. 1980). The subpoena for Devon Brown's deposition was sent to his office by mail. Therefore, the subpoena for Devon Brown's deposition testimony was not properly served and the motion to quash the subpoena must be granted.

In the alternative, the court must quash William Curtis' subpoena ad testificandum because the subpoena does not allow a reasonable time for compliance. Fed.R.Civ.P. 45(c)(3)(A)(I). On January 22, 2007, the subpoena was received in Director Brown's office. The deposition is scheduled to be conducted on January 25, 2007, in Washington, D.C. Therefore, plaintiff provided the proposed witness only three days notice of the deposition. Furthermore, by the time the subpoena was sent via facsimile transmission to the New Jersey Office of the Attorney General, counsel for the proposed witness was provided only two days notice of a deposition to be conducted out-of-state. Plaintiff did not allow a reasonable time for Devon Brown to comply with the deposition subpoena. Fed.R.Civ.P. 45(c)(3)(a)(1); <u>See also</u> United

- 3 -

States v. Philip Morris, Inc. 312 F.Supp. 2d 27 (D.D.C. 2004)(finding that three business days' notice was unreasonable for nonparty witness depositions). Therefore, the court must quash plaintiff's subpoena commanding the deposition of Director Devon Brown.

## CONCLUSION

The subpoena compelling Devon Brown's appearance for deposition was not personally served on Devon Brown and the plaintiff did not allow reasonable time for compliance with the subpoena. For these reasons, Devon Brown asks the court to grant his motion to quash William Curtis' subpoena ad testificandum.

> Respectfully submitted,
>
> STUART RABNER
> ATTORNEY GENERAL OF NEW JERSEY
>
> By: /s/Sarah B. Campbell
> SARAH B. CAMPBELL
> Deputy Attorney General
>
> LINDA SINGER
> Acting Attorney General for the
> District of Columbia
>
> DAVID RUBENSTEIN
> Deputy Attorney General
> Public Safety Division
>
> MARIA C. AMATO
> Assistant Attorney General for the
> District of Columbia

                                                _/s/ Carol E. Burroughs_
                                                CAROL E. BURROUGHS [415432]
                                                Assistant Attorney General for the
                                                District of Columbia
                                                Office of the General Counsel
                                                D.C. Department of Corrections
                                                1923 Vermont Avenue, N.W.
                                                Washington, DC 20001
                                                Telephone: 202-671-0088
                                                Fax: 202-671-2514

DATE: January 25, 2007

# EXHIBIT A

Case 1:07-mc-00036-PLF    Document 1    Filed 01/25/2007    Page 9 of 12



**FELDMAN · SHEPHERD**
**WOHLGELERNTER**
**TANNER · WEINSTOCK**

TRIAL LAWYERS

25TH FLOOR, 1845 WALNUT STREET
PHILADELPHIA, PENNSYLVANIA 19103
TEL 215.567.8300  FAX 215.567.8333

E-Mail Address:
dweinstock@feldmanshepherd.com

CAROL NELSON SHEPHERD
·ALAN M. FELDMAN
†§ EZRA WOHLGELERNTER
·MARK W. TANNER
† DANIEL S. WEINSTOCK
ROBERTA D. PICHINI
·† JOHN M. DODIG
† EILEEN RILEY SUTTON
† THOMAS MORE MARRONE
†‡ DANIEL J. MANN
PETER M. NEWMAN
† JASON A. DARIA
† EDWARD S. GOLDIS
† CAROLYN M. CHOPKO
THOMAS W. GRAMMER

OF COUNSEL
BARTON A. HAINES
DONALD A. KRAIN

·CERTIFIED CIVIL TRIAL ADVOCATE,
NATIONAL BOARD OF TRIAL ADVOCACY
▼ LL.M. IN TRIAL ADVOCACY
† ALSO MEMBER NJ BAR
‡ ALSO MEMBER TX BAR
§ ALSO MEMBER NY BAR

January 17, 2007

Devon Brown, Director
DC Department of Corrections
1923 Vermont Avenue, NW
Room 203
Washington, DC 20001

Re: *William Curtis v. Correctional Medical Services, et al*

Dear Mr. Brown:

Please be advised that I represent the plaintiff, William Curtis in connection with the above matter.

I am serving you with a subpoena directing you to appear on January 25, 2007 at 10:00 a.m. for a deposition. I am also enclosing a witness fee check in the amount of $50.00.

If you have any questions, please contact me.

Sincerely,

Daniel S. Weinstock

DSW/kab
Enclosures
cc: Kerri Chewning, Esquire
    Rosemary Pinto, Esquire

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF __Columbia__

William Curtis
V.
Correctional Medical Services, et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04 cv 3409

TO: Devon Brown, Director
DC Department of Corrections
1923 Vermont Avenue, NW, Room 203
Washington, DC 20001

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| 1923 Vermont Avenue, NW, Room 203 Washington, DC 20001 | 1/25/2007 10:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| /s/  Attorney for Pltf. | 1/17/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Daniel S. Weinstock, Esquire, Feldman, Shepherd, Wohlgelernter, Tanner & Weinstock, 1845 Walnut Street, 25th Floor, Philadelphia, PA 19103 - 215-567-8300

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.