UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM CURTIS,<br><br>        Plaintiff,<br><br>        v.<br><br>CORRECTIONAL MEDICAL<br>SERVICES, et al.,<br><br>        Defendants. | Miscellaneous No. 07-0036   (PLF) |

ORDER

      This matter is before the Court on Devon Brown's motion to quash the subpoena for his testimony in the case Curtis v. Correctional Medical Services, Civil Action No. 04-3409 (D.N.J.), currently pending before the United States District Court for the District of New Jersey. Plaintiff is proceeding *pro se* in this matter and is an inmate currently within the custody of the New Jersey Department of Corrections.

      In Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." Id. at 509. Subsequently, in Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." Id. at 456 (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)).

Although this motion is neither a motion for summary judgment nor a dispositive motion, in light of the Circuit's decisions in <u>Fox v. Strickland</u> and <u>Neal v. Kelly</u>, this Court nevertheless wishes to advise plaintiff that he must respond to Mr. Brown's motion to quash on or before March 16, 2007. If plaintiff does not respond, the Court will treat the motion as conceded and quash the subpoena.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: February 28, 2007